UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph Waddell Dunbar Jr., | ) | CA No. 9:23-cv-05323-RMG-MHC |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Donnie Stonebreaker, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Joseph Waddell Dunbar Jr. ("Petitioner"), a state prisoner proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion to Dismiss ("Motion"). ECF Nos. 26, 27, 28. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 29. Petitioner filed a Response in Opposition, ECF No. 40, and Respondent filed a Reply, ECF No. 44. The matter is ripe for review.

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion, ECF No. 27, be granted, and the Petition, ECF No. 1, be dismissed with prejudice.

## BACKGROUND

The procedural history as described by Respondent has not been disputed by Petitioner and is set forth as follows. Petitioner is confined in the South Carolina Department of Corrections at McCormick Correctional. ECF No. 26 at 2; ECF No. 28-11.

1

### I.     State Criminal Case

In a two-count indictment issued in May 2010, the Sumter County Grand Jury indicted Petitioner for second degree burglary (violent) and armed robbery (indictment number 2010-GS-43-0543). ECF No. 28-1 at 146–47. Will Brunson, Esquire, represented Petitioner at a jury trial beginning November 7, 2011, before the Honorable W. Jeffrey Young. Assistant Third Circuit Solicitor R. Kirk Griffin prosecuted the case. ECF No. 28 at 3, 16. On November 9, 2011, a jury convicted Petitioner of each charge as indicted, and Judge Young sentenced Petitioner to thirty years for armed robbery and a concurrent fifteen years for the burglary conviction. *Id.* at 330–31, 339–40.

Petitioner appealed and was represented on that appeal by Kathrine Hudgins with the South Carolina Commission on Indigent Defense. Petitioner raised the following issue before the South Carolina Court of Appeals pursuant to *Anders* v. *California,* 386 U.S. 738 (1967):[1] "Did the trial court err in admitting in evidence an unduly suggestive photo line-up that was inherently unreliable and conducive to irreparable mistaken identity?" ECF No. 28-1 at 2–14.

Petitioner filed a pro se *Anders* brief that raised the following additional issues, as listed by Petitioner in his statement of the issues on appeal: "1. Judges Not Impartial; 2. Tainted Jury; 3. Jury Eyes Closed; 4. Photo Lineup; 5. Victims Conflicting Statement; 6. Constitutional Error; 7. Eighth Amendment; 8. Sixth Amendment; 9. Effective Assistance of Counsel; 10. Fifth Amendment; 11. Double Jeopardy; 12. Ninth and Tenth Amendments; 13. Fourteenth

---

[1] *Anders* announced the procedure to be followed where appointed counsel believes a client's request to appeal is frivolous and without merit, and it allowed counsel to request permission to withdraw as counsel "after a conscientious examination" of the record and submission of briefing in his client's case. 386 U.S. at 744 (further requiring time for the defendant to raise any additional points pro se and mandating the appellate court conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous" before dismissing the appeal and granting counsel's motion to be relieved).

Amendment; [and] 14. Prejudicial Statement." ECF No. 28-1 at 15–42.

Following review of the *Anders* briefs, the South Carolina Court of Appeals dismissed the appeal and granted Hudgins' motion to be relieved as counsel. *State v. Dunbar*, 2014-UP-353 (S.C. Ct. App. filed Oct. 8, 2014) (unpublished). ECF No. 28-1 at 43–44. The Court of Appeals issued the remittitur on October 24, 2014. *Id.* at 45–46.

## II.     First Post-Conviction Relief Action

On November 5, 2014, Petitioner filed a pro se application for post-conviction relief ("PCR") in Sumter County (C.A. # 2014-CP-43-02351) ("initial PCR action"). ECF No. 28-1 at 47–53. In that application, Petitioner alleged that he was being held in custody unlawfully for the following reasons: (1) ineffective assistance of trial counsel: "trial counsel did not subpoena alibi witnesses"; and (2) ineffective assistance of appellate counsel: "appellate counsel did not raise claim concerning unlawful identification procedure that was preserved for appeal." *Id.* at 49.

By and through the Attorney General's Office, the State made its return to the allegations in the pro se PCR application. ECF No. 28-1 at 54–59. The Honorable Jocelyn Newman held an evidentiary hearing on July 26 and 28, 2016. ECF No. 28-1 at 60–135. Petitioner testified on his own behalf at the hearing. *Id.* Petitioner also presented PCR testimony from Joseph Dunbar, Sr., Crystaline West Dunbar, and Gertrude Dunbar Cooper. *Id.* Respondent, the State, presented testimony from Petitioner's trial counsel, Will Brunson. *Id.* Judge Newman denied relief in a formal Order filed December 30, 2016, which ruled upon the claims presented in the initial pro se PCR application. ECF No. 28-1 at 136–45.

Petitioner timely sought an appeal of the Order of Dismissal and was represented in that appellate action by Laura Baer of the South Carolina Commission on Indigent Defense. ECF No. 28-2. By and through appellate counsel, Petitioner presented the following issue in a *Johnson*

petition[2] for a writ of certiorari: "Whether the PCR court erred in finding that trial counsel provided effective assistance of counsel where he failed to call Petitioner's three alibi witnesses to testify at trial?" *Id.* at 3.

Petitioner filed a pro se *Johnson* petition raising the following additional issues (verbatim):

1. Did counsel error ineffective assistance of counsel failure to object to state witness adding new statement onto there one page victim statement to falsifying evidence to get a convection.

2. Did counsel error by not objecting or asking the judge to remove himself from openly trying to stop MR. Dunbar from getting a fair and a impartial hearing by the statements judge said if one of the jurors knows this person and knows that he is a creep or something that they're staying on the jury.pagel 14-line-24-25 trail transcript.

3. Did the trail counsel error by not objecting to jury eyes closed or filing a mistrial.

4. Did counsel error by not asking for all the state witnesses not being in the court room at the same time.

5. Did the court error with photo line up with a blue, background behind Mr. Dunbar and the rest where black back ground

6. Did trail counsel error by not calling witnesses to trial or taking depositions of the victims or witnesses or have investigator investigate the case before going to trail.

ECF No. 28-3 at 5–6 (errors in original).

The South Carolina Supreme Court denied the petition for a writ of certiorari by Order filed July 24, 2018. ECF No. 28-4. That court issued its remittitur on August 9, 2018, and it was file-stamped by the Sumter County Clerk's Office on August 10, 2018. ECF No. 28-5; *see* Case No. 2014CP4302351, Sumter County 3rd Judicial Circuit Public Index, https://publicindex.sccourts.org/Sumter/PublicIndex/PISearch.aspx (last visited July 3, 2025).

---

[2] The Supreme Court of South Carolina "has approved the withdrawal of counsel in meritless postconviction appeals, provided the procedures outlined in *Anders v. California*, 386 U.S. 738 (1967), were followed." *Johnson v. State*, 364 S.E.2d 201,201 (S.C. 1988).

### III.     Second Post-Conviction Relief Action

Petitioner, proceeding pro se, filed a second PCR application in Sumter County on June 21, 2017 (C/A No. 2017-CP-43-01143) ("successive PCR action"), which alleged a series of new allegations: (1) Ineffective assistance of trial counsel: "trial counsel failed to prepare an adequate defense; trial counsel failed to investigate, locate or interview potential defense witnesses"; (2) Judicial misconduct: "Trial judge failed to disclosed [sic] on record information that the Judge believes the parties or their lawyers might consider relevant to the question of disqualification"; and (3) Ineffective assistance of PCR counsel. ECF No. 28-6. Petitioner also submitted a memorandum listing reasons for the successive application to proceed, asserting that the evidence of judicial bias was newly discovered, and further defined the allegations presented in the form petition. *Id.*

By and through the Attorney General's Office, the State made a return to the successive petition and moved to dismiss the application. ECF No. 28-7. On August 28, 2018, the court issued a conditional order of dismissal, allowing Petitioner time to respond to the reasons for dismissal cited in the order. ECF No. 27-8. On September 24, 2018, Petitioner filed a response, titled "Applicants Response to Respondents Return and Motion to Dismiss." ECF No. 28-9. On February 25, 2021, the Honorable George M. McFaddin, Jr., issued an order finalizing the dismissal of the successive PCR action as successive and untimely, in addition to finding that the claim of newly discovered evidence unavailing. ECF No. 28-18.

### IV.     First Habeas Action

While Petitioner's successive PCR action was pending, Petitioner filed his first habeas action on March 18, 2019, alleging four grounds: (1) ineffective assistance of trial counsel for failure to present correct alibi witnesses at trial; (2) ineffective assistance of counsel for failure to

raise judicial bias issue; (3) ineffective assistance of trial counsel for failure to present mitigation evidence at sentencing related to mental illness; and (4) ineffective assistance of trial counsel for failure to investigate and prepare adequate defense guaranteed by the 6th Amendment. ECF No. 28-12.

On October 4, 2019, the assigned U.S. magistrate judge recommended that the habeas petition be dismissed for failure to prosecute. ECF No. 28-14. By Order dated October 24, 2019, the district court adopted the recommendation and dismissed the habeas petition without prejudice. ECF No. 28-15.

## V.     Second Habeas Action

Petitioner signed and dated the instant Petition for writ of habeas corpus on October 16, 2023; it was placed in the mail by October 18, 2023, and it was docketed by the clerk of court on October 24, 2023. ECF No. 1; ECF No. 1-1 (envelope with stamp showing metered postage date of October 18, 2023). For purposes of this Report and Recommendation, the undersigned will use the October 16 signature date as the date of filing. *See Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

## VI.     Third PCR Action

On January 16, 2024, after Petitioner had filed the instant Petition in this second habeas action, Petitioner filed a third PCR application in Sumter County (C/A No. 2024-CP-43-00098) ("third PCR action"), in which Petitioner raised the following grounds: (1) Ineffective assistance of PCR counsel: "Failed to preserve record"; and (2) Ineffective assistance of trial counsel: "Trial counsel did not give the court notice of correct alibi/Trial counsel committed perjury on stand/Trial counsel did not investigate any witnesses on Applicant[']s behalf." ECF No. 28-19 at 3. As of the

date of this Report and Recommendation, the third PCR action is still pending in the South Carolina Circuit Court. *See* ECF No. 28-20; *see also* Case No. 2024CP4300098, Sumter County 3rd Judicial Circuit Public Index, https://publicindex.sccourts.org/Sumter/PublicIndex/ PISearch.aspx (last visited July 3, 2025).

## STANDARDS OF REVIEW

### I.     Summary Judgment Standard

Summary judgment is appropriate if a party "shows there is no genuine dispute as to any issue of material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Under the framework established in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Id*. at 323. Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id*. at 324.

Under this standard, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Id.* at 252. Likewise, conclusory or speculative allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. To survive summary judgment, the non-movant must provide evidence of every element essential to

his action on which he will bear the burden of proving at a trial on the merits. *Celotex Corp.*, 477 U.S. at 322.

Additionally, pro se filings are to be "liberally construed" and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). However, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

## II.     Federal Habeas Review under 28 U.S.C. § 2254

Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, in considering Petitioner's claims, the Court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d). *See Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

28 U.S.C. § 2254(d); *see also Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (explaining federal habeas relief will not be granted on a claim adjudicated on the merits by the state court

unless it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding"). A state court's decision is contrary to clearly established federal law if that court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Evans*, 220 F.3d at 312 (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). A state court decision unreasonably applies clearly established federal law if the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. (quoting *Williams*, 529 U.S. at 413).

Because "review under § 2254(d)(1) focuses on what a state court knew and did," this Court measures the reasonableness of the state court's decision based on the information in the record before the state court. *Valentino v. Clarke*, 972 F.3d 560, 575 (4th Cir. 2020) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011)). "Likewise, § 2254(d)(2) provides for a limited review of factual determinations in light of the evidence presented in the State court proceeding[;] [thus,] [t]his backward-looking language similarly requires an examination of the state-court decision at the time it was made." *Id*. (citation and internal quotation marks omitted).

Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 410. Further, factual findings "made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III.     Procedural Bar

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural default/bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this Court before a petitioner has appropriately exhausted available state-court remedies or after a petitioner has otherwise defaulted/bypassed seeking relief in the state courts will be dismissed absent unusual circumstances, as detailed below.

### A.  Exhaustion

Section 2254 contains the requirement of exhausting state court remedies. *See* 28 U.S.C. § 2254(b)–(c). The statute requires that, before seeking habeas corpus relief, a petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). Stated plainly, in the interest of giving state courts the first opportunity to consider alleged constitutional errors in state proceedings, a § 2254 petitioner is required to "exhaust" all state remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-

27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will generally result in the application of a procedural bar by the South Carolina Supreme Court. *See Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009) (discussing procedural bar and noting the "general rule" in South Carolina is that where a party fails to file a Rule 59(e) motion, the argument is forfeited). Furthermore, strict time deadlines govern direct appeal and the filing of a PCR application in the South Carolina courts. A PCR application must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45. In South Carolina, a claim is not procedurally barred from review in this Court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals. *See Remedies in Criminal and Post–Conviction Relief Cases*, 321 S.C. 563, 564, 471 S.E.2d 454 (S.C. 1990) ("[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.").

### B.  Procedural Default/Bypass

When a federal habeas petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and he will be procedurally barred from raising the issue in his federal habeas petition. *Smith v. Murray*, 477 U.S. 527, 533 (1986). This situation is sometimes referred to as procedural bypass, as the petitioner has "bypassed" his state remedies. In other words, procedural default/bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See id.* Procedural default/bypass can occur at any level of the state proceedings, if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See, e.g.*, *Evans v. State*, 611 S.E.2d 510, 515 (S.C. 2005) (noting an "issue or argument which is neither raised at PCR hearing nor ruled upon by the PCR court is procedurally barred from appellate review" (citation omitted)). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the United States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984). If a federal habeas petitioner has procedurally defaulted his opportunity for relief in the state courts, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette,* 644 F.3d 192 (4th Cir. 2011); *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991). Thus, where the state court has not had the opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is clear. *Teague v. Lane*, 489 U.S. 288, 297–98 (1989).

## C. Cause and Actual Prejudice

Notwithstanding the foregoing, a federal court may consider claims that have not been presented to the highest South Carolina court with jurisdiction in very limited circumstances. *See Granberry v. Greer*, 481 U.S. 129, 131 (1987). Indeed, because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the state's courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim

and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008).

A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Murray v. Carrier*, 477 U.S. 478, 488–97 (1986). Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Id.* at 496.

## **DISCUSSION**

Petitioner raises the following grounds for relief in his Petition:

**Ground One**: Ineffective assistance of counsel failure to present "correct" alibi witnesses at trial

**Supporting Facts**: Petitioner was charged with 6 armed robberies initially. Petitioner gave trial counsel alibi for each alledged armed robbery. Trial counsel filed wrong alibi for wrong armed robbery. He mixed up Petitioner's alibi for the alledge 11-20-09 armed robbery with January 1 2010 armed robbery

**Ground Two**: Judicial misconduct

**Supporting Facts**: Cannon 3E of Judicial states a judge shall disqualify himself in a proceeding in which the judges impartiality might reasonably be questioned. The court failed to inform Petitioner of potential conflict of interest issue

**Ground Three**: Trial counsel failed to conduct personal investigation & prepare adequate defense guaranteed by 6th Amendment.

**Supporting Facts**:    Trial counsel did not interview the victims or any potential alibi witness. The state only evidence against Petitioner was the victims identification. Trial counsel failed to put forth any evidence or witness is favor of the defense.

**Ground Four**:    Trial counsel failed to subpoena Dexter Dunbar or take his deposition.

**Supporting Facts**:    Trial counsel did not subpoena Dexter Dunbar[,] a key witness to Petitioner's innocence. At PCR trial counsel stated he need Dexter Dunbar at trial but failed to subpoena[,] which hindered Petitioner from contradicting any of the states key witness testimony

ECF No. 1 at 6–7 (errors in original).

In the Return and Memorandum of Law in support of Respondent's Motion, Respondent first argues that Petitioner's Petition "should be summarily dismissed, as the record conclusively shows that Petitioner has filed an unauthorized successive habeas action." ECF No. 26 at 1. In the alternative, Respondent argues that "Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254 because all of Petitioner's claims are time-barred, three of Petitioner's allegations have been defaulted, and Petitioner is in any event not entitled to relief on the merits of any allegation[, such that] Respondent is entitled to summary judgment." *Id.*

## I.    SECOND OR SUCCESSIVE PETITION

Respondent argues that this action should be dismissed because the Petition is a successive § 2254 petition. In his Response, Petitioner argues that his Petition is not second or successive because the dismissal of his first petition in this court was "without prejudice," such that it was dismissed without adjudication on the merits. ECF No. 40 at 1. Upon review, the undersigned agrees with Petitioner.

"Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus . . . without first receiving permission to do so from the appropriate circuit

14

court of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997); *see* 28 U.S.C. § 2244(b). If a petition is second or successive and a petitioner has not obtained permission from the Fourth Circuit Court of Appeals to file the successive petition, the district court must dismiss the petition for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition); *Abraham v. Padua*, C/A No. 6:11-cv-2067-RMG, 2012 WL 4364643, at * 1 (D.S.C. Sept. 24, 2012) (noting that the district "[c]ourt lacks jurisdiction to hear [petitioner's] second claim for habeas relief until authorized by the . . . Fourth Circuit").

"[N]ot every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006), *abrogation on other grounds recognized by In re Gray*, 850 F.3d 139, 144 (4th Cir. 2017). Rather, for a petition to qualify as "successive," a prior petition must have been adjudicated on the merits. *See Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000); *see Anderson v. Holland*, No. CA 2:13-1115-JFA-BHH, 2013 WL 4496073, at *5 (D.S.C. Aug. 20, 2013) ("To be considered successive, the second or subsequent petition must be a second attack on the same conviction, and the first petition must have been finally adjudicated on the merits.").

In the district court's order dismissing Petitioner's first petition for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), the court expressly stated that the dismissal was "without prejudice." ECF No. 28-15. A dismissal under Rule 41(b) "operates as an adjudication on the merits" unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). Because the order dismissing Petitioner's first petition expressly stated that the dismissal was "without prejudice," it did not adjudicate the merits of the petition and left open the possibility for Petitioner to return to

this court with the same underlying claims. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."); *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (explaining that Rule 41(b) "gives the district court discretion to 'otherwise specif[y]' that a dismissal is not 'an adjudication upon the merits,' i.e., that it is a dismissal without prejudice"); *see also Garwood v. United States*, No. 2:12-CR-00045, 2018 WL 2227182, at \*2 (S.D.W. Va. May 15, 2018) (dismissing Section 2255 petition without prejudice and explaining that "a dismissal with prejudice would . . . render any future filing of a Section 2255 petition a second or successive motion requiring authorization from the Fourth Circuit . . . [but] a future attempt by [petitioner] to present a Section 2255 motion would not be encumbered" if the dismissal were without prejudice).

Accordingly, the undersigned finds that the Petition is not a "second or successive" petition,[3] and, therefore, dismissal for lack of subject matter jurisdiction is not warranted.

## II.     STATUTE OF LIMITATIONS

Respondent argues that all of Petitioner's claims are time-barred. Under § 2244(d), the State bears the burden of asserting the statute of limitations as an affirmative defense. *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

Petitioner does not respond to Respondent's timeliness argument or otherwise argue that his claims are timely or subject to equitable tolling. *See* ECF No. 40. Upon review, the undersigned

---

[3] After he filed the instant Petition in this case, Petitioner moved the Fourth Circuit for authorization to file a second or successive petition under 28 U.S.C. § 2254. *See* Dkt. No. 2, Case # 24-250 (4th Cir. Nov. 7, 2024). By Order dated December 2, 2024, the Fourth Circuit denied the motion without explanation. *See id.*, Dkt. No. 6.

agrees with Respondent that Petitioner's claims are time-barred.

**A. Statute of Limitations in Habeas Cases**

The AEDPA provides that "[a] 1–year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Subsection (d) of the statute provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending *shall not be counted* toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). Subsections (d)(1) and (d)(2) carry differing requirements for the tolling of the statutory time.

**1. Subsection (d)(1)**

Subsection (d)(1)(A) specifies the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final—i.e., at the conclusion of *direct review*—not after collateral review is completed. *See* 28 U.S.C. § 2244(d)(1)(A); *Harris v. Hutchinson*, 209 F.3d

17

325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten

days of his conviction. Rule 203(b)(2), SCACR. Thus, if a defendant does not file a direct appeal,

his conviction becomes final ten days after the adjudication of guilt and the one-year statute of

limitations begins to run.

  If a defendant files a direct appeal and his conviction is affirmed, the timing of when the

conviction becomes final depends on whether the defendant pursued his direct appeal to the highest

state court. *Compare Harris*, 209 F.3d at 328 n.1 (noting conviction becomes final on the

expiration of the ninety-day period to seek review by the United States Supreme Court from a

state's highest court), *with Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (holding, "with respect

to a state prisoner who does not seek review in a State's highest court, the judgment becomes

'final' under § 2244(d)(1)(A) when the time for seeking such review expires"). Thus, if a

defendant pursues his direct appeal all the way to the Supreme Court of South Carolina—the

highest state court—his conviction becomes "final" ninety days after the final ruling of that

Court. *See Harris*, 209 F.3d at 328 n.1.

  However, if a defendant pursues his direct appeal to the South Carolina Court of Appeals—

the intermediate state appellate court—and forgoes petitioning the Supreme Court of South

Carolina for a writ of certiorari after the Court of Appeals has affirmed his conviction, then his

conviction becomes "final" **either fifteen *or* thirty days** after the ruling of the Court of Appeals.

Specifically, a defendant's conviction becomes final **fifteen days** later if he fails to properly file a

petition for rehearing in the Court of Appeals.[4] *See, e.g.*, *Grant v. Bush*, No. 6:14-CV-01313-DCN,

---

[4] This is because a petition for rehearing is a prerequisite for petitioning the Supreme Court of
South Carolina. *See* Rule 242(c), SCACR (establishing that an appellant cannot petition the
Supreme Court of South Carolina for review of the Court of Appeals' decision unless a petition
for rehearing is filed in and acted on by the Court of Appeals); *Gonzalez*, 565 U.S. at 154 (holding,
"with respect to a state prisoner who does not seek review in a State's highest court, the judgment
becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires").

2015 WL 4747104, at *5 (D.S.C. Aug. 11, 2015) ("In light of his *failure to file a timely petition for rehearing*, Grant's state court convictions became final on February 27, 2009, *fifteen days after* the South Carolina Court of Appeals issued its opinion in Grant's direct appeal." (emphasis added)); *see also* Rule 221(a), SCACR ("Petitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court."). Conversely, a defendant's conviction becomes final **thirty days** later if he properly files a petition for rehearing in the Court of Appeals, but nevertheless fails to petition the Supreme Court of South Carolina. *See Gonzalez*, 565 U.S. at 154; Rule 242(c), SCACR ("A petition for writ of certiorari shall be served on opposing counsel and filed with proof of service with the Clerk of the Court of Appeals and the Clerk of the Supreme Court within thirty (30) days *after the petition for rehearing or reinstatement* is finally decided by the Court of Appeals." (emphasis added)).

### 2. Subsection (d)(2)

On the other hand, subsection (d)(2) of § 2244 concerns collateral review. It provides that the statute of limitations is tolled during the period of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)[.]" *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled[.]" *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir.

2001).

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)).

In addition to being "properly filed," a state collateral proceeding must be "pending" in order for § 2244(d)(2)'s statutory tolling provision to apply. The U.S. Supreme Court has explained that "[t]he time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 141 (2006) (emphasis in original); *see Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court."). In cases where a petitioner did not timely appeal a state court's initial denial of a PCR application but was later allowed to file a belated appeal pursuant to *Austin*, courts in this District have found that no collateral action was "pending," and thus the AEDPA's limitations period was not statutorily tolled, during the time between PCR actions. *See, e.g.*, *Jackson v. Warden Perry Corr. Inst.*, No. CV 0:20-841-TLW-PJG, 2020 WL 9216281, at *3 (D.S.C. Dec. 22, 2020), *report and recommendation adopted,* No. 0:20-841-TLW, 2021 WL 912417 (D.S.C. Mar. 9, 2021);

*Hepburn v. Eagleton*, C/A No. 6:11-2016-RMG, 2012 WL 4051126, at *3 (D.S.C. Sept. 13, 2012); *McHoney v. South Carolina*, 518 F. Supp. 2d 700, 705 (D.S.C. 2007).

> **B.  Petitioner did not timely file his Petition.**

The federal time limit begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Generally, federal courts use Federal Rule of Civil Procedure 6(a) in computing periods of time under 28 U.S.C. § 2244(d). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

Petitioner was convicted via jury trial on November 11, 2011. ECF No. 28. Petitioner timely appealed to the South Carolina Court of Appeals by way of an *Anders* brief. ECF No. 28-1 at 2–42. The Court of Appeals dismissed the appeal on October 8, 2014. ECF No. 28-1 at 43–44. Petitioner did not file a Petition for Rehearing, and thus his conviction and sentence became final **90 days** after the South Carolina Court of Appeals dismissed the *Anders* appeal. *See Wright v. McFadden*, No. 5:14-CV-00282-TLW, 2014 WL 6666681, at *10 (D.S.C. Nov. 24, 2014) (noting, in light of South Carolina case law, when the South Carolina Court of Appeals, rather than the Supreme Court of South Carolina, reviews and issues an opinion "concerning an *Anders* appeal, the Court of Appeals is the highest court 'in which a decision could be had'" and thus an appellant could directly seek the United States Supreme Court's review of the *Anders* opinion within ninety days of the South Carolina Court of Appeals' decision); *Heydman v. Williams*, No. 0:21-CV-00019-DCC, 2021 WL 4785821, at *2 (D.S.C. Oct. 14, 2021) (determining the statute of limitations for a petitioner who had his *Anders* appeal dismissed began to run ninety days after the South Carolina Court of Appeals' opinion was filed). Accordingly, Petitioner's conviction became final on January 6, 2015, and the statute of limitations would have begun to run on the following

day, January 7, 2015.[5] *See* Fed. R. Civ. P. 6(a) (stating, for computing time, "exclude the day of the event that triggers the period"); *Hernandez*, 225 F.3d at 439 (finding the AEDPA's effective date was April 24, 1996, and "the actual count on the limitations period began on April 25, 1996," the following day).

Petitioner filed his first PCR application on November 5, 2014. *See* ECF No. 28-1 at 47–53. Thus, no time had elapsed for purposes of the statute of limitations, as Petitioner still had time to pursue his direct appeal to the Supreme Court of the United States. Further, the statute of limitations was suspended on this date and continued to be tolled while Petitioner's state PCR action was pending in state court. *See* 28 U.S.C. § 2244(d)(2) (a "properly filed application for State post-conviction relief or other collateral review" tolls the time for filing); *see Wall v. Kholi*, 562 U.S. 545, 547 (2011) (holding that "the phrase 'collateral review' in § 2244(d)(2) means judicial review of a judgment in a proceeding that is not part of the direct review process").

Petitioner's state PCR action concluded, at the latest, on August 10, 2018, when the Sumter County Clerk of Court filed the remittitur from the PCR appeal. ECF No. 28-5; *see Gonzalez v. Thaler*, 565 U.S. 134, 152 n.10 (2012) (distinguishing between the provisions of § 2244(d)(2) and (d)(1)); *Beatty v. Rawski*, 97 F. Supp. 3d 768, 779–80 (D.S.C. 2015) (holding, for purposes of tolling the statute of limitations under § 2244(d)(2), that the date the Remittitur was filed in the

---

[5] Normally, his convictions would have become final for purposes the statute of limitations **fifteen days** from the date of the Court of Appeals' decision because he failed to file a petition for rehearing. *See* Rule 221(a), SCACR ("Petitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court."); Rule 242(c), SCACR (establishing that an appellant cannot petition the South Carolina Supreme Court for review of the Court of Appeals' decision unless a petition for rehearing is filed in and acted on by the Court of Appeals); *Grant*, 2015 WL 4747104, at *5 ("In light of his failure to file a timely petition for rehearing, Grant's state court convictions became final on February 27, 2009, fifteen days after the South Carolina Court of Appeals issued its opinion in Grant's direct appeal."). However, as noted above, an *Anders* appeal alters the time by which a conviction becomes final for purposes of the statute of limitations.

state circuit court is proper in light of *Gonzalez*); *see also* Rule 221(b), SCACR; *Lyles v. Reynolds*, No. 6:15-CV-04229-RMG, 2016 WL 4940319, at *3 (D.S.C. Sept. 14, 2016) (citing *Beatty* and noting that South Carolina's highest courts have uniformly held disposition of a PCR appeal is not final until remittitur is filed in the circuit court); *Harleysville Mut. Ins. Co. v. State,* 736 S.E.2d 651, 655 n.2 (S.C. 2012) ("An opinion of an appellate court is not final until the remittitur is filed in the lower court"). Thus, the statute of limitations began to run on August 11, 2018, and Petitioner had his full year allotted under AEDPA—until August 11, 2019—to file his federal habeas petition. Petitioner filed the instant Petition on October 24, 2023, more than four years too late.[6] *See* ECF No. 1. Consequently, because Petitioner filed outside the one-year statute of limitations, this action is untimely under 28 U.S.C. § 2244(d).

### C.  Equitable tolling is not appropriate.

The AEDPA's statute of limitations is not jurisdictional, *Harris*, 209 F.3d at 329–30, and it "is subject to equitable tolling in appropriate cases," *Holland v. Florida*, 560 U.S. 631, 645 (2010). To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 418); *Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, a petitioner must show that there were "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that

---

[6] The undersigned notes that the second PCR action—filed June 21, 2017—did not toll the statute of limitations because that PCR action was dismissed as time-barred and successive. *See, e.g.*, *Lounds v. Williams*, No. 2:22-CV-3272-TMC, 2023 WL 5287158, at *4 (D.S.C. Aug. 17, 2023) (finding Petitioner's second and third PCR applications did not toll the statute of limitations because both were dismissed as time-barred and successive. Because it is "well settled that a PCR application deemed successive or untimely is not 'properly filed' for purposes of the AEDPA and does not toll the statute of limitations under § 2244(d)(2)," Petitioner's federal habeas petition is untimely. *See id.* (collecting cases). Even if that time period could be tolled, however, the instant Petition still would be untimely, because Petitioner filed the Petition over two-and-one-half years after his second PCR application was dismissed on February 25, 2021.

prevented him from filing on time").

Even construing Petitioner's Response liberally, Petitioner has failed to show extraordinary circumstances prevented him from timely filing. Although Petitioner cites *Martinez v. Ryan*, 566 U.S. 1 (2012),[7] "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period." *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014); *see Bland v. Superintendent Greene SCI*, No. 16-3457, 2017 WL 3897066, at *1 (3d Cir. Jan. 5, 2017) ("Though *Martinez* permits a procedurally defaulted claim of ineffective assistance of counsel to be raised where the default was caused by the ineffective assistance of post-conviction counsel, *Martinez* has nothing to [do] with the governing statute of limitations and cannot excuse a failure to file within the limitations period."); *White v. Clarke*, No. 2:23CV280, 2024 WL 2820379, at *3 (E.D. Va. Apr. 22, 2024) ("[A]lthough *Martinez v. Ryan*, 556 U.S. 1, 9 (2012), may excuse certain state procedural defaults in limited circumstances, it does not excuse otherwise untimely federal habeas petitioners or provide tolling under the AEDPA."), *report and recommendation adopted sub nom. White v. Dotson,* No. 2:23CV280, 2024 WL 2819227 (E.D. Va. June 3, 2024); *Wilson v. Perry*, No. 1:14-CV-576, 2014 WL 4685405, at *1 (M.D.N.C. Sept. 19, 2014) (collecting cases and explaining that *Martinez* is "inapplicable to the determination of untimeliness under the AEDPA one-year statute of limitations").

Petitioner has not shown that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. Thus, Petitioner has not established that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330

---

[7] In *Martinez*, the U.S. Supreme Court considered the following issue: *"whether a federal habeas court may excuse a *procedural default* of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding."* 566 U.S. at 5 (emphasis added).

(noting a petitioner has the burden of showing equitable tolling).

Accordingly, the Petition should be dismissed on statute of limitations grounds. The filing was untimely under 28 U.S.C. § 2244(d), and Petitioner has not presented facts sufficient to support an argument that the limitations period should be equitably tolled. Therefore, the undersigned recommends that Respondent's Motion be granted, and the Petition be dismissed with prejudice.[8]

## **CONCLUSION**

For the reasons set forth above, it is **RECOMMENDED** that Respondent's Motion (ECF No. 27) be **GRANTED** and that the Petition be **DISMISSED with prejudice.**


July 18, 2025                                  Molly H. Cherry
Charleston, South Carolina                     United States Magistrate Judge


**The parties are directed to the next page for their rights to file objections to this recommendation.**

---

[8] Respondent also argues that three Grounds raised in the Petition are procedurally defaulted and that Petitioner has failed to show cause and prejudice to excuse the default. ECF No. 26 at 16–18. Respondent alternatively argues that all Grounds raised in the Petition are without merit. *Id.* at 18–27. Because the Petition is clearly out of time, the undersigned does not address Respondent's alternative arguments.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).