# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Waddell Dunbar, Jr., <br><br> Petitioner, <br> v. <br><br> Donnie Stonebreaker, <br><br> Respondent. | Case No. 9:23-cv-5323-RMG <br><br> **ORDER** |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that this petition for habeas relief under 28 U.S.C. § 2254 be dismissed as untimely. (Dkt. No. 45). The Magistrate Judge determined that Petitioner's habeas petition was due by August 19, 2019, to satisfy the one-year statute of limitations from the final judgment of the state court, and the petition was not filed until October 24, 2023. (*Id*. at 23). The Magistrate Judge advised Plaintiff he had 14 days to file written objections to the R & R and a failure to file written objections would result in clear error review and a waiver of the right to appeal the district court's order. *Id*. at 10. Plaintiff filed no objections to the R & R. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and dismisses the petition with prejudice.

**I.   Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the

Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.  Discussion

In a carefully written 25 page order, the Magistrate Judge carefully recorded all dates associates with Petitioner's state court trial, appellate and post-conviction proceedings and correctly concluded that clock on his statute of limitations for his § 2254 petition began to run on August 11, 2018 and expired one year later, on August 11, 2019. (Dkt. No. 45 at 23). Petitioner did not file his federal habeas petition until October 24, 2023, more than four years after his statute of limitations had expired. The Magistrate Judge further correctly found that there was no equitable tolling of the statute of limitations because Petitioner failed to show extraordinary circumstances beyond his control that prevented him from timely filing his petition. (*Id*. at 23-24).

## III.  Conclusion

In light of the foregoing, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 45) as the Order of the Court and **DISMISSES** Petitioner's § 2254 petitioner with prejudice.

**AND IT IS SO ORDERED.**

 s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 8, 2025
Charleston, South Carolina